IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-00154-RLV-DSC

| | |
|---|---|
| SIMPSON PERFORMANCE PRODUCTS, INC., | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) **ORDER** ) |
| HMS MOTORSPORT, LTD., | ) ) |
| **Defendant.** | ) ) ) |

**THIS MATTER IS BEFFORE THE COURT** on the parties' Joint Motion for Entry of Consent Judgment [Doc. 16]. Simpson Performance Products, Inc. ("Simpson") and HMS Motorsport, Ltd. ("HMS"), the parties in the above-captioned action, have agreed to terms and conditions representing a negotiated settlement of the action and have set forth those terms and conditions in a Confidential Settlement Agreement (the "Settlement Agreement"). Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of Judgment and an injunction in this action as follows:

1. This Court has jurisdiction over the subject matter of this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a), has personal jurisdiction over the parties, and has subject matter jurisdiction over any actions to enforce the terms of this Judgment.

2. Simpson is the owner of the entire right, title and interest in and to United States Patent No. 9,351,529 (the "'529 patent").

3. HMS offers for sale and sells the SCHROTH SHR FLEX head and neck restraints manufactured by SCHROTH Safety Products GmbH of Arnsberg, Germany, which are covered by at least one claim in the '529 patent.

1

4. Simpson and HMS each acknowledge for all purposes, and this Court finds, that all claims in the '529 patent are valid and enforceable in compliance with the provisions of the Patent Laws of the United States, including specifically 35 USC §§ 101, 102, 103, and 112.

5. Simpson and HMS each acknowledge for all purposes, and this Court finds, that HMS is liable for direct and indirect infringement of at least one claim in the '529 patent. Such infringement arises from the use, sale, offer for sale, distribution, and importation into the United States of the SCHROTH SHR FLEX restraints that were accused of infringement in this action ("Infringing Products"), the contribution to and inducement of infringement of the '529 Patent by distributors, intermediaries, customers, and/or end users of the SCHROTH SHR FLEX restraints, and other acts relating to such products.

6. The Settlement Agreement, effective as of January 8, 2017, resolves the present dispute between the parties set forth in the action, including issues of past damages, costs, and attorneys' fees.

7. HMS and its respective affiliates, subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, customers, and any other persons who are in privity, active concert, or participation with anyone described in this paragraph, including without limitation SCHROTH Safety Products GmbH of Arnsberg, Germany, are permanently enjoined from the following activities:

>A. making or having made, selling, offering for sale, using, distributing, marketing, promoting, and/or importing into the United States any of the following products: the Infringing Products; and products not more than colorably different or trivially different from these products or any other product that infringes (directly or indirectly) any claim of the '529 patent, except as may otherwise be permitted by the Settlement Agreement; and
>
>B. aiding, abetting, or otherwise facilitating any such acts of infringement.

8. This Consent Judgment is a final adjudication on the merits.

9. Notwithstanding any provision(s) to the contrary in paragraphs 1 through 8, *supra*, the terms of this Consent Judgment shall apply only until the date upon which the '529 patent expires.

10. Simpson, its successors and/or its assigns may enforce compliance with this Consent Judgment.

11. Each party bears its own costs and attorneys' fees.

The Clerk is **DIRECTED** to remove this case from the Court's docket.

**SO ORDERED.**

Signed: March 3, 2017

Richard L. Voorhees
United States District Judge